◼ Ozone Acquisition, LLC, Doing Business as Central Island Healthcare, Appellant, v Joseph McCarthy, as Executor of Kathleen McCarthy, Deceased, et al., Respondents. [8 NYS3d 576]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated March 29, 2013, as granted that branch the motion of the defendants Joseph McCarthy, as executor of the estate of Kathleen McCarthy, Patrick J. McCarthy, and Mary M. Dillon, and that branch of the separate motion of the defendants Thomas J. McCarthy and Christine L. McCarthy which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied that branch of its cross motion which was for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, Ozone Acquisition LLC, doing business as Central Island Healthcare, commenced this action, inter alia, to recover damages for breach of contract relating to unpaid skilled nursing services provided to Kathleen McCarthy, now deceased (hereinafter the decedent). The services were rendered during a period that the decedent was ineligible for Medicaid benefits, following the transfer of certain real property by the defendant Mary M. Dillon, as attorney-in-fact for the defendant Patrick J. McCarthy (hereinafter the decedent's husband) to the defendants Thomas J. McCarthy, the nephew of the decedent's husband, and Christine McCarthy, the nephew's wife.

The Supreme Court properly granted that branch of the motion of the defendants Joseph McCarthy, as executor of the decedent's estate, Patrick J. McCarthy, and Mary M. Dillon which was for summary judgment dismissing the complaint insofar as asserted against them. Further, the court properly granted that branch of the separate motion of the defendants Thomas J. McCarthy and Christine L. McCarthy which was for summary judgment dismissing the complaint insofar as as-

serted against them. In support of their respective motions, the defendants established their prima facie entitlement to judgment as a matter of law by showing that they were not obligated to pay the plaintiff for the unpaid nursing skills it had rendered to the decedent during her lifetime, that they did not breach any agreement with the plaintiff by impeding it from collecting its fees from the decedent's funds or resources over which they exercised control, and that they did not deplete any of the decedent's assets. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Sunshine Care Corp. v Warrick*, 100 AD3d 981, 982-983 [2012]; *Troy Nursing & Rehabilitation Ctr., LLC v Naylor*, 94 AD3d 1353, 1354-1355 [2012]). For these same reasons, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the complaint. Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.